UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER L. BRINSON,

    Petitioner,

v.                                                                                          Case No. 8:25-cv-602-WFJ-SPF

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**ORDER**

Peter L. Brinson is a Florida prisoner serving a thirty-year sentence for sale or delivery of cocaine. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1; *see also* Doc. 2). After careful review, the Court concludes that the petition must be **DISMISSED as time barred**.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This

---

[1] A district court may *sua sponte* dismiss a § 2254 petition where, as here, the petition's "untimeliness is clear from the face of the petition itself." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020). As explained below, Mr. Brinson expressly concedes that his petition is untimely, arguing only that dismissal "would be a miscarriage of justice" "due to the constitutional nature of [his] claim." (Doc. 2 at 5). *Sua sponte* dismissal is appropriate in these circumstances. *See Turner v. Sec'y, Dep't of Corr.*, 991 F.3d 1208, 1212 (11th Cir. 2021) (affirming *sua sponte* dismissal of § 2254 petition because "everything that the district court needed to determine timeliness was provided by [petitioner] in his petition"); *Thomas v. Fla. Dep't of Corr.*, No. 21-13068, 2023 WL 4488294, at *2 (11th Cir. July 12, 2023) ("Given [petitioner's] presentation of the pertinent dates and his own admission that his petition was untimely-filed, the district court had discretion to dismiss *sua sponte* [his] petition as time-barred . . . .").

limitation period typically begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Mr. Brinson's convictions were affirmed on direct appeal on January 29, 2003. *Brinson v. State*, 838 So. 2d 1154 (Fla. 2d DCA 2003). The judgment became final ninety days later, when the time to petition the United States Supreme Court for a writ of certiorari expired. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—April 30, 2003.[2]

After fifty days of untolled time, on June 19, 2003, Mr. Brinson filed the first of many postconviction motions in state court. *State v. Brinson*, No. 00-CF-20922, Docket (Fla. 6th Jud. Cir. Ct.).[3] This filing—a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850—stopped the clock. *Day v. Crosby*, 391 F.3d 1192, 1192-93 (11th Cir. 2004). Over the following years, Mr. Brinson filed several more postconviction motions and petitions. All were ultimately unsuccessful. The last was denied by the Second District Court of Appeal on August 8, 2023. *State v. Brinson*, No. 00-CF-20922, Docket

---

[2] Mr. Brinson does not suggest—and the record does not support—a later start date of the limitation period.

[3] The Court takes judicial notice of the relevant state-court docket sheets. *See Paez*, 947 F.3d at 651 ("State court records of an inmate's postconviction proceedings generally satisfy th[e] standard [for taking judicial notice of facts under Federal Rule of Evidence 201]."). Copies of the docket sheets are attached to this Order for Mr. Brinson's reference. *See id.* at 653 ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

(Fla. 6th Jud. Cir. Ct.); *Brinson v. State*, No. 2D23-1437, Docket (Fla. 2d DCA). The Court will assume, in Mr. Brinson's favor, that the AEDPA clock was tolled for the entire period between June 19, 2003, and August 8, 2023. With that generous assumption, Mr. Brinson had until June 18, 2024, to file his federal habeas petition. He missed the deadline by several months, filing his petition on March 11, 2025. (Doc. 1 at 12). Thus, this action is untimely.

Mr. Brinson "readily acknowledges that the present petition is untimely and subject to procedural bar." (Doc. 2 at 5). He notes, however, that he seeks to raise a "constitutional claim" for ineffective assistance of counsel—specifically, that his appellate lawyer failed to file an *Anders* brief. (*Id.* at 2, 5). According to Mr. Brinson, the "constitutional nature of this claim" means that it would be "a miscarriage of justice" to dismiss his petition as untimely. (*Id.* at 5).

This argument lacks merit. A petitioner may overcome the expiration of AEDPA's limitation period if he satisfies the "miscarriage of justice" exception. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 394-95 (2013). But this exception requires a showing of "actual innocence"—namely, that "in light of [] new evidence, no juror, acting reasonably, would have voted to find [petitioner] guilty beyond a reasonable doubt." *Id.* at 386. Mr. Brinson does not attempt to satisfy this demanding standard. Instead, he asserts that his petition is entitled to a merits review because it raises an alleged constitutional violation. (Doc. 2 at 5). But "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v.*

*Delo*, 513 U.S. 298, 316 (1995); *see also Zebranek v. Sec'y, Dep't of Corr.*, No. 8:21-cv-559-CEH-NHA, 2024 WL 111995, at *4 (M.D. Fla. Jan. 10, 2024) (petitioner "not entitled to the [miscarriage-of-justice] exception merely by alleging a federal constitutional violation because AEDPA's statute of limitations applies to constitutional claims").

Accordingly, it is **ORDERED** that:

1. Mr. Brinson's petition (Doc. 1) is **DISMISSED as time barred**.

2. The **CLERK** is directed to enter judgment against Mr. Brinson and to **CLOSE** this case.

3. Mr. Brinson is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Brinson must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time barred, Mr. Brinson cannot satisfy the second prong of the *Slack* test. And because Mr. Brinson is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on March 17, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE